IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH RILEY CURRY,<br><br>Defendant. | No. 1:18-CR-396<br><br>The Honorable Anthony J. Trenga<br><br>Sentencing Date: February 22, 2019 |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (Nov. 2016), files this Position of the United States With Respect to Sentencing in the instant case. The United States has reviewed the revised Presentence Report and concurs with the findings of the Probation Office, except with respect to the calculation of the defendant's criminal history. The United States believes the resulting guideline range should be 262-327 months. However, for the reasons stated herein and in accordance with the plea agreement, the United States respectfully submits that a sentence of 240 months is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Further, the United States agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This one-level decrease has already been taken into account by the Probation Office in its guideline calculations and is

reflected in paragraph 39 of the Presentence Report.

I.      Factual and Procedural Background

The defendant engaged in a conspiracy, beginning in at least 2016, to distribute controlled substances in this District, mainly within Loudoun County, Virginia. The defendant obtain and sold some of the most dangerous substances in illegal circulation – heroin and fentanyl. The defendant sold these substances knowing the risk to the user. His conduct wrought havoc on the Leesburg, Virginia, community. Among the consequences of the defendant's crime are at least 2 overdose deaths and 2 non-fatal overdoses.

Specifically, on March 1, 2016, the defendant sold a quantity of fentanyl to Colin Pearson. The defendant knew Pearson was a drug addict, recently home from rehabilitation. He did so at his parent's home in Lessburg, where he resided. He witnessed Pearson ingest fentanyl, experience an overdose, and lose consciousness. But rather than try to help him, the defendant dragged Pearson's motionless body outside. As he put it to one friend in a Facebook message, he wanted to "kick his lifeless corpse." Fortunately for the defendant, Pearson regained consciousness and left. Less fortunately however, Pearson shared a portion of this remaining fentanyl with a friend, J.C., who experienced an overdose and died that very evening.

Barely two weeks later, on March 17, 2016, the defendant sold heroin to Mallorie Pensabene. Pensabene shared a portion of this heroin with her friend, E.L. The next day, Pensabene found E.L. dead in her home from an overdose. Only days later, the defendant sent Pensabene text messages in an attempt to sell he more heroin. Apparently as an advertisement, he told her he had that "everybody overdosing shit."

Yet again, on April 23, 2016, the defendant provided heroin to his girlfriend, D.T. She

2

was also recently home from a drug rehabilitation program. She too ingested heroin and experienced an overdose. Fortunately for her, and the defendant, first responders arrived in time to administer lifesaving treatment.

When the defendant was finally arrested by state law enforcement in August 2017 for yet another drug trafficking offense that caused one his customers to overdose, he learned that he was a target of a federal investigation. In response, he sought to destroy or remove evidence of his activities.

II. Analysis of Sentencing Factors

General Overview of Applicable Law

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

18 U.S.C. § 3553 states that the Court should consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, it states that the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The sentence should also protect the public from further crimes of the defendant, and provide the

defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). The Court shall also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

The government agrees with the defense that the conduct captured by the 2017 conviction in Loudoun County, Virginia, is relevant conduct to the offense of conviction, and not a "prior sentence" as that term is defined in § 4A1.2(a). That conduct fell within the time frame of the conspiracy charged in Count One of the information and was arguably an act taken in furtherance of the instant conspiracy. It occurred within the time frame of the instant offense, involved similar actors, including the defendant, the same general location, and the same substances. Thus, the government agrees that the defendant should be assessed 6 criminal history points, rather than 9.

Sentencing Recommendation

Nevertheless, upon applying the guidelines and considering the sentencing factors in this case, a sentence of 240 months is appropriate.

As an initial matter, the defendant's conduct led to the deaths of 2 people and caused at least 2 nearly fatal overdoses. The DEA's National Drug Threat Assessment lists fentanyl abuse as the most serious drug threat facing the United States. https://www.pbs.org/newshour/nation/heroin-fentanyl-remain-among-nations-highest-drug-threats-federal-report-says (last visited February 20, 2019). The defendant's conduct encapsulates the seriousness of the threat opiates, and particularly fentanyl, pose to the public. One need only read Ms. Leech's letter to get a sense of the damage the defendant's crime created. PSR at 25.

The defendant's personal characteristics also counsel in favor of the recommended sentence. The defendant's criminal history shows that he was the beneficiary of a suspended sentence for a drug trafficking offense near in time to the instant conspiracy. *See* PSR at ¶¶ 43. Rather than deter future misconduct, the leniency of other courts seems only to have emboldened the defendant.

While the government agrees that the defendant's crime is at least partially fueled by his own addiction, the Court should consider that in the context of the admitted facts. He showed a chilling lack of concern for human life: 1) he dragged Pearson's body away from his home to avoid accountability when he overdosed; 2) he solicited sales of drugs that he knew would cause similar, or even more serious results. The Court can and should infer the defendant knew what he was selling could kill people – which, sadly, it did. Whether the Court considers the defendant someone who sold purely for profit or to feed his own addiction, it should nevertheless consider these extremely aggravating facts in arriving at an appropriate sentence.

Conclusion

The defendant's conduct speaks for itself. It is inescapably serious and carried grave consequences. Therefore, the United States urges this Court to impose the recommended sentence.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____//s//_____
David A. Peters
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2019, I filed the foregoing with the Clerk of Court.

In addition, I hereby certify that on February 20, 2019, I emailed a copy of the foregoing to the following addresses:

Terrence Sewell
U.S. Probation Officer
Phone: (703) 366-2122
E-mail: terrell_sewell@vaep.uscourts.gov

John O. Iweanoge, Esq.
The Iweanoges' Firm
1026 Monroe Street, N.E.
Washington, D.C. 20017
Phone: 202-347-7026
Email: joi@iweanogesfirm.com

                                        //s//
                                    David A. Peters
                                    Assistant United States Attorney
                                    Eastern District of Virginia
                                    United States Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone: (703) 299-3700
                                    Fax: (703) 299-3980
                                    E-mail: david.peters@usdoj.gov